IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE BANKS,<br><br>    Plaintiff,<br><br>  vs.<br><br>MICHAEL HENNESSEY, et al.,<br><br>    Defendants. | No. C 11-02031 EDJ (PR)<br><br>ORDER OF SERVICE; DISMISSING MULTIPLE PLAINTIFFS; DENYING AS MOOT MOTIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; DENYING MOTIONS FOR PROTECTIVE ORDER; DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Docket Nos. 3, 4, 5, 6, 7, 10 & 11) |

Plaintiff, along with four other detainees currently being held at the San Francisco County Jail ("SFCJ"), filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against SFCJ officials for unconstitutional acts. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 2), will be granted in a separate written order.

    Plaintiff filed a "1st Amended Complaint" on June 7, 2011 (Docket No. 12), which essentially alleges the same claims as the original complaint while naming additional Defendants. The amended complaint also lacks the exhibits from the original complaint while continuing to make references thereto. In the interest of justice, the Court will construe the "1st Amended Complaint" as a supplemental complaint, and screen the original complaint along with allegations in the supplemental complaint.

///

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

Plaintiff Steve Banks is the lead plaintiff in this action filed along with four other detainees. Plaintiffs allege that they are being subjected to cruel and unusual punishment by SFCJ officials. Plaintiffs claim that they are all civil detainees that have not been "convicted of 'sexually violent predator' civil commitment status." (Am. Compl. at 3-4.) Plaintiffs claim that Defendants are stigmatizing them to a "child molester status" by forcing them to wear green uniforms and parading them before general population inmates, thereby subjecting them to "threats of violence, abuse and ridicule." (Id.) Liberally construed, this claim is cognizable under § 1983.

Generally, pro se plaintiffs are prohibited from pursuing claims on behalf of others in a representative capacity. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"); see also Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam)

("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.") (citation omitted).  In particular, pro se prisoner plaintiffs may not act as class representatives because they cannot fairly and adequately protect the interests of the class.  See id.  Here, Plaintiff is an incarcerated litigant who cannot ably protect the interests of a class of similarly situated prisoners.  Accordingly, to the extent that Plaintiff is seeking class certification, such certification is DENIED.  This action will proceed only on the claims personal to Plaintiff Steve Banks, and the other four plaintiffs will be dismissed as parties to this action, with leave to pursue individual civil actions.

C.     **Motion for Protective Order**

Plaintiff has filed a motion for a protective order "to remove said plaintiffs from the custody of the San Francisco County Jail and place said plaintiffs in a federal detention facility for protection from serious injury or loss of life."  (Docket No. 3.)  Plaintiff asserts in his "request for emergency consideration of [their] motion for a protective order" that their circumstances exceed the requirements of Federal Code of Civil Procedure Rule 65(a) and 65(b), and requests "this special consideration prior to determination to serve defendants and consideration by the courts of the merits of plaintiffs['] complaint."  (Docket No. 11.)

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO").  Prior to granting a preliminary injunction, notice to the adverse party is required.  See Fed. R. Civ. P. 65(a)(1).  Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served.  See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).  Plaintiff concedes above that Defendants have yet to be served.  Furthermore, there is no basis for granting "special consideration" to undermine the restrictions under the Prisoner Litigation Reform Act of 1995 ("PLRA") on the power of the court to grant prospective relief in any action involving prison conditions.  See 18 U.S.C. § 3626(a); Oluwa v.

Order of Service; Addressing Pending Motions
P:\PRO-SE\SJ.EJD\CR.11\02031Banks_svc.wpd                    3

Gomez, 133 F.3d 1237, 1239 (9th Cir. 1998). Accordingly, the motions for a protective order and "emergency consideration" are DENIED. (Docket Nos. 3 & 11.)

**D.     Motion for Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel. (Docket No. 10.) Plaintiff's motion for appointment of counsel is DENIED without prejudice for lack of exceptional circumstances. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1.     This action shall proceed solely on the claims personal to Plaintiff Steve Banks. Accordingly, Plaintiffs Tobias Royal, Jerome Black, Luther Evans and Ronald Coldman are DISMISSED as parties to this action, to filing individual civil actions if they so desire. The Clerk shall terminate these plaintiffs from this action. Their respective motions for leave to proceed in forma pauperis (Docket Nos. 4, 5, 6 and 7) in this matter are DENIED as moot.

The Clerk shall send a blank court complaint and an in forma pauperis application, along with a copy of this order, to each dismissed plaintiff.

2.     The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and supplemental complaint (Docket Nos. 1 & 12), all attachments thereto, and a copy of this order upon **Defendants Sheriff Michael Hennessy, Undersheriff Jan Dempsey, Captain Pecot, Captain Ideta, Lt. Dorsey, and Lt. Cabebe** of the San Francisco County Sheriffs Department at the **Sheriff's Department, City Hall, Room 456** (1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102)**.**

3.     No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims

in the amended complaint found to be cognizable above.

        a.     If Defendants elect to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert.</u> <u>denied</u> <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).

        b.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

    4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

        a.     In the event the Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

        b.     In the event Defendants file a motion for summary judgment,

---

[1] The following notice is adapted from the summary judgment notice to be given to <u>pro se</u> prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

the Ninth Circuit has held that the following notice should be given to Plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    5.    Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

    6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    7.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket Nos. 3, 4, 5, 6, 7, 10 and 11.

DATED: July 15, 2011

EDWARD J. DAVILA
United States District Judge

Order of Service; Addressing Pending Motions
P:\PRO-SE\SJ.EJD\CR.11\02031Banks_svc.wpd

7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

STEVEN BANKS,

        Plaintiff,

  v.

MICHAEL HENNESSEY, et al.,

        Defendants.

Case Number: CV11-02031 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 7/15/2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steven V. Banks 11660867
San Francisco County Jail
425 7th Street
San Francisco, CA 94103

Dated: 7/15/2011

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk