**United States District Court**
For the Northern District of California

1
2                                                    **FILED**

3                                                    DEC 2 7 2012
4
5                                                    RICHARD W. WIEKING
                                                     CLERK, U.S. DISTRICT COURT
6                                                    NORTHERN DISTRICT OF CALIFORNIA

7

8                        IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
   STEVEN V. BANKS,                    )        No. C 11-02031 EJD (PR)
11                                      )
                    Plaintiff,          )        ORDER GRANTING DEFENDANTS'
12                                      )        MOTION FOR SUMMARY JUDGMENT
        vs.                             )
13                                      )
14 MICHAEL HENNESSEY, et al.,           )
                                        )
15                  Defendants.         )        (Docket No. 77)
                                        )
16

17          Plaintiff, a civil detainee proceeding pro se, brought the instant civil rights complaint

18 pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights by officials of

19 San Francisco County Jail ("SFCJ").  Finding that the complaint, liberally construed, stated

20 a cognizable claim, the Court ordered service upon Defendants.  The case proceeds solely on

21 Plaintiff's claim that Defendants are stigmatizing him and others similarly situated to him to

22 a "child molester status" by forcing them to wear green uniforms and parading them before

23 general population inmates, thereby subjecting them to "threats of violence, abuse and

24 ridicule."  (Am. Comp. at 3-4.)  Defendants move for summary judgment.  Plaintiff has filed

25 an opposition, and Defendants have filed a reply.

26 ///

27 ///

28 ///

Order Granting MSJ
02031Banks_grant-MSJ.wpd

**United States District Court**
For the Northern District of California

**BACKGROUND**

The following facts are not in dispute unless otherwise indicated. The events leading to this action took place at SFCJ. Plaintiff remains jailed pursuant to California Civil Code § 6600, which permits the incarceration of Sexually Violent Predators ("SVPs"). (Def.'s Mem. of P. & A. at 1; Docket No. 73.) Plaintiff entered SFCJ in January 2011. (Id.)

Different types of inmates wear different color clothing at SFCJ. (Id.) Inmates in administrative segregation wear a black stripe on orange clothing. (Id.) Inmates who are escape risks, wear red. (Id.) Inmates allowed outside the building under escort wear blue. (Id.) All civil detainees, wear green. (Id.) The different color clothing allows deputies to know when inmates are not where they are supposed to be, thus promoting security and efficient management in the jail. (Id.) When Plaintiff had to move to other areas of the facility, and there were criminal detainees in the hallways, jail deputies would order the criminal detainees up against the wall or into their cells. (Plaintiff's Decl., Exh. A, Depo, at 65-66.

**DISCUSSION**

**A.    Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of

Order Granting MSJ
02031Banks_grant-MSJ.wpd

2

1   the record which demonstrate the absence of a genuine issue of material fact. <u>See</u> <u>Celotex</u>

2   <u>Corp.</u>, 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at

3   trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than

4   for the moving party. But on an issue for which the opposing party will have the burden of

5   proof at trial, the moving party need only point out "that there is an absence of evidence to

6   support the nonmoving party's case." <u>Id.</u> at 325. If the evidence in opposition to the motion

7   is merely colorable, or is not significantly probative, summary judgment may be granted.

8   <u>See</u> <u>Liberty Lobby</u>, 477 U.S. at 249-50.

9       The burden then shifts to the nonmoving party to "go beyond the pleadings and by

10  her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on

11  file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex</u>

12  <u>Corp.</u>, 477 U.S. at 324 (citations omitted). If the nonmoving party fails to make this

13  showing, "the moving party is entitled to judgment as a matter of law." <u>Id.</u> at 323.

14      The court's function on a summary judgment motion is not to make credibility

15  determinations or weigh conflicting evidence with respect to a disputed material fact. <u>See</u>

16  <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987).

17  The evidence must be viewed in the light most favorable to the nonmoving party, and the

18  inferences to be drawn from the facts must be viewed in a light most favorable to the

19  nonmoving party. <u>See</u> <u>id.</u> at 631. It is not the task of the district court to scour the record in

20  search of a genuine issue of triable fact. <u>Keenan v. Allan</u>, 91 F.3d 1275, 1279 (9th Cir.

21  1996). The nonmoving party has the burden of identifying with reasonable particularity the

22  evidence that precludes summary judgment. <u>Id.</u> If the nonmoving party fails to do so, the

23  district court may grant summary judgment in favor of the moving party. <u>See</u> <u>id.</u>; <u>see, e.g.</u>,

24  <u>Carmen v. San Francisco Unified Sch. Dist.</u>, 237 F.3d 1026, 1028-29 (9th Cir. 2001).

25  **B.   <u>Legal Claims and Analysis</u>**

26      Plaintiff claims Defendants stigmatized him and other civil detainees by forcing them

27  to wear green uniforms, which identified them as child molesters which violates the

28  Constitution's prohibition on cruel and unusual punishment.   (Am. Comp. at 3.) There are

1   no allegations that plaintiff was ever assaulted or suffered any injury.

2        As a civil detainee, the applicable standard for plaintiff is not the more restrictive

3   standards for cruel and unusual punishment under the Eighth Amendment; rather, "'the

4   more protective fourteenth amendment standard applies to conditions of confinement when

5   detainees ... have not been convicted' of a crime." Jones v. Blanas, 393 F.3d 918, 931 (9th

6   Cir. 2004), quoting Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987), citing

7   Youngberg v. Romeo, 457 U.S. 307, (1982) (civilly committed individuals), and Bell v.

8   Wolfish, 441 U.S. 520 (1979) (pretrial detainees).  The Ninth Circuit further stated:

> 9   The Fourteenth Amendment requires the government to do more than provide
> the "minimal civilized measure of life's necessities," Rhodes [v. Chapman],
> 10   452 U.S. [337] at 347, 101 S.Ct. 2392, for non-convicted detainees. Rather,
> "due process requires that the nature and duration of commitment bear some
> 11   reasonable relation to the purpose for which the individual is committed."
> Jackson v. Indiana, 406 U.S. 715, 738, 92 S.Ct. 1845 [] (1972).
>
> 12   The case of the individual confined awaiting civil commitment proceedings
> 13   implicates the intersection between two distinct Fourteenth Amendment
> imperatives. First, "[p]ersons who have been involuntarily committed are
> 14   entitled to more considerate treatment and conditions of confinement than
> criminals whose conditions of confinement are designed to punish."
> 15   Youngberg, 457 U.S. at 321-22, 102 S.Ct. 2452.  Second, when the state
> detains an individual on a criminal charge, that person, unlike a criminal
> 16   convict, "may not be *punished* prior to an adjudication of guilt in accordance
> with due process of law.'" Bell, 441 U.S. at 535, 99 S.Ct. 1861 (emphasis
> 17   added); see also Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir.2004)
> ("[T]he Fourteenth Amendment prohibits all punishment of pretrial
> 18   detainees.").  As civil detainees retain greater liberty protections than
> 19   individuals detained under criminal process, see Youngberg, 457 U.S. at 321-
> 24, 102 S.Ct. 2452, and pre-adjudication detainees retain greater liberty
> 20   protections than convicted ones, see Bell, 441 U.S. at 535-36, 99 S.Ct. 1861, it
> stands to reason that an individual detained awaiting civil commitment
> 21   proceedings is entitled to protections at least as great as those afforded to a
> civilly committed individual and at least as great as those afforded to an
> individual accused but not convicted of a crime.

22   Jones v. Blanas, 393 F.3d at 931-932.

23        In Jones, where the plaintiff was, like plaintiff herein, the Ninth Circuit found "that

24   the conditions of confinement for an individual detained under civil process but not yet

25   committed must be tested by a standard at least as solicitous to the rights of the detainee as

26   the standards applied to a civilly committed individual and to an individual accused but not

27   convicted of a crime." Id., at 932.

28

While the <u>Jones</u> Court noted that the Eleventh Circuit[1] has gone so far as to hold that it is unconstitutional for individuals awaiting involuntary civil commitment proceedings to be held in jail at all, the Ninth Circuit did not venture so far, but asserted that "[a]t a bare minimum," such an individual cannot be subjected to conditions amounting to punishment. <u>Id.</u>, at 932 [citations omitted].

Because a person detained pending confinement under the SVPA is a civil detainee, "an SVPA detainee is entitled to 'more considerate treatment' than his criminally detained counterparts." <u>Id.</u>, citing <u>Youngberg</u>, 457 U.S. at 321-22. "[W]hen a SVPA detainee is confined in conditions identical to, similar to, or more restrictive than, those in which his criminal counterparts are held, we presume that the detainee is being subjected to 'punishment.'" <u>Id.</u>, citing <u>Sharp v. Weston</u>, 233 F.3d 1166, 1172-73 (9th Cir. 2000) (<u>Youngberg</u> required that those civilly confined at a commitment center must receive "more considerate" treatment than inmates at a correctional center where the commitment center was located).

> In sum, a civil detainee awaiting adjudication is entitled to conditions of confinement that are not punitive. Under <u>Bell</u> and our circuit precedent, a restriction is "punitive" where it is intended to punish, or where it is "excessive in relation to [its non-punitive] purpose," <u>Demery</u>, 378 F.3d at 1028 (citation and internal quotation marks omitted), or is "employed to achieve objectives that could be accomplished in so many alternative and less harsh methods," <u>Hallstrom</u>, 991 F.2d at 1484 (citation and internal quotation marks omitted). With respect to an individual confined awaiting adjudication under civil process, a presumption of punitive conditions arises where the individual is detained under conditions identical to, similar to, or more restrictive than those under which pretrial criminal detainees are held, or where the individual is detained under conditions more restrictive than those he or she would face upon commitment. Finally, to prevail on a Fourteenth Amendment claim regarding conditions of confinement, the confined individual need not prove "deliberate indifference" on the part of government officials.

<u>Jones v. Blanas</u>, 393 F.3d at 933-34.

However, if a particular condition or restriction is "reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" <u>Bell</u>, 441 U.S. at 539. Defendants must be afforded an opportunity to demonstrate legitimate, non-punitive

---

[1] See <u>Lynch v. Baxley</u>, 744 F.2d 1452 (11th Cir. 1984).

1  interests justifying the conditions of detainees awaiting SVPA proceedings, and by showing

2  that the restrictions imposed on such detainees were not excessive in relation to these

3  interests. <u>Jones</u>, 393 F.3d at 934-35.  Legitimate non-punitive governmental objectives

4  include "'maintaining security and order' and 'operating the [detention facility] in a

5  manageable fashion.'" <u>Pierce v. County of Orange</u>, 526 F.3d 1190, 1205 (9th Cir. 2008)

6  (quoting <u>Bell</u>, 441 U.S. at 540 n. 23).

7       As noted above, different types of inmates at SFCJ wear different colored clothing so

8  deputies can easily identify the specific groups.  This does not amount to a punishment,

9  rather is a logical and wise way to mange a large group of detainees with differing needs and

10  levels of supervision.  This serves as a legitimate non-punitive governmental objective.  <u>See</u>

11  <u>Pierce</u>.  As Plaintiff also describes, civil detainees are entitled to more considerate treatment

12  than other detainees.  Allowing deputies to easily identify the different groups can help

13  provide the more considerate treatment.  In addition, there is no evidence that Plaintiff has

14  ever been assaulted or injured as a result of the different clothing and Plaintiff's initial

15  statement that deputies would parade him and others around in their green clothing, was

16  contradicted by plaintiff's own statements in his deposition.  Rather than being paraded,

17  Plaintiff and others were escorted by deputies and criminal detainees were told to move

18  away or into their cells for the safety of the civil detainees.

19       Plaintiff's argument that he feels stigmatized by wearing a green uniform is

20  insufficient to defeat summary judgment.  As there is no evidence of punishment on behalf

21  of Defendants in mandating different colored clothing, and as Defendants have

22  demonstrated a legitimate, non-punitive interest, summary judgement is granted.

23                              **CONCLUSION**

24       For the foregoing reasons, Defendants' motion for summary judgment (Docket. No.

25  77) is GRANTED.  All claims against all Defendant are DISMISSED with prejudice.

26       This order terminates Docket No. 77.

27  DATED: _____12/21/12_____

EDWARD J. DAVILA
United States District Judge

28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


STEVEN,
                    Plaintiff,

    v.

BANKS-V-MICHAEL HENNESSEY et al,

                    Defendant.
_____/

Case Number: CV11-02031 EJD

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 27, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Steven V. Banks #11660867
San Francisco County Jail
850 Bryant Street
San Francisco, CA 94103

Dated: December 27, 2012

                                    Richard W. Wieking, Clerk
                                    /s/ By: Elizabeth Garcia, Deputy Clerk